### The Maine Charity School *versus* James Dinsmore.

In the commencement of real actions, the form of process may be a writ of attachment, or an original summons, at the election of the demandant.

This was a writ of entry brought upon a mortgage made by the defendant to the plaintiffs, and was in form *a writ of attachment*. The service on the defendant was made by attaching a *chip*, the property of the defendant, and giving him a *summons* for his appearance. On the second day of the first term, the defendant made a written motion to quash the writ, and dismiss the action, for the causes aforesaid, which appeared on the face of the writ and return of the officer.

The motion was overruled by Emery J., holding the Court, and the defendant was ordered to answer over. The defendant filed exceptions.

*A. W. Paine,* for the defendant, contended, that the writ should have been quashed : —

1. Because it was wrong in form. It was a real action, and should have been by original summons, and not by writ of attachment. St. 1821, c. 63, § 1 ; c. 59, § 2, 4 ; Jackson on Real Actions, 50.

2. Because there was no legal service. It should have been made by leaving a copy, instead of a nominal attachment of property, and leaving a summons. St. 1821, c. 59 ; *Holmes* v. *Fernald,* 7 Greenl. 232.

*J. McGaw,* for the plaintiffs, said that if the suit could be dismissed on motion, instead of plea in abatement, the motion should be as formal as to facts as the plea. It is therefore double and bad, assigning two distinct causes.

If the decision in *Holmes* v. *Fernald,* is not founded on a misconception, it is not decisive of the point now raised. It does not follow, that there must be an attachment of property, because the remedy is by writ of attachment. Property can be attached only by the written order of the creditor, or his attorney. *Betts* v. *Norris,* 3 Shepl. 232. The legislation and decisions on this subject were examined, and the conclu-

sion drawn, that the demandant might proceed by original summons or by writ of attachment, at his election. The service would be made, in either case, in the mode provided by statute for the process adopted. Ancient Charters, c. 9; same, c. 163; Const. Mass. c. 6, § 6; Mass. St. March 11, 1784, respecting writs of dower; Mass. St. Feb. 27, 1796; *Ellis* v. *Paige,* 1 Pick. 48; Authon's Prec. Dec. in Real Actions; St. 1835, c. 195; St. 1821, c. 52, § 19; same, c. 40; same, c. 59, § 2, 15; Stearns on Real Actions, 91, 92; Howe's Prac. 56.

The opinion of the Court was drawn up by

SHEPLEY J.—It was decided in *Holmes* v. *Fernald,* 7 Greenl. 232, that no special attachment of goods or estate was proper in a real action. The court came to this conclusion, because the Massachusetts statute of 1784, and the re-enactment of it in our statute, *c.* 60, provided only, that goods and estate attached should be held for security of the debt or damages; and in real actions no debt or damages are, as it is said, recovered. And by the common law no debt or damages could be recovered in real actions. It was however provided so early as the statute of Merton, 20 H. 3, *c.* 1, that the widow by her writ of dower might in certain cases recover damages. And such has been the law in Massachusetts and Maine from a very early period. In our Statute, *c.* 59, § 2, dower is one of the actions named as commenced by original summons. Whether the decision in *Holmes* v. *Fernald,* or this provision of the statute is to be regarded as prohibiting an attachment in such cases, is not now before the Court for consideration or decision.

The colonial ordinance of 1641, Anc. Char. 49, authorized the party to make use of a writ of capias and attachment in real as well as in personal actions. On the revision of 1784, in Massachusetts, the party was allowed to use any of the prescribed forms of writs suitable to his case, " in all civil actions." There is no restriction unless it be found in the language respecting the property attached being held as security for the debt or damages. The mere fact, that a party cannot legally

and beneficially enforce every command in the writ, does not deprive him of the right of using that form. If such were the law, no writ of capias and attachment could issue against officers, or other persons entitled to a temporary exemption. And such exemption might arise after the issuing of the writ, or cease to exist before a service. It was admitted, in *Holmes* v. *Fernald,* that the practice had been to use an attachment or summons, at the election of the party; and it was supposed to have arisen "because the change of language in the act of 1784, was not particularly regarded." The act of 27th of February, 1796, provided, "that when any person shall be arrested on trespass and ejectment, or other real action, the defendant's own bond, and no other, shall be required for his appearance to answer the same." This provision shows, that the legislature did not then understand, that the act of 1784, had deprived a party of the right to use the writ of capias and attachment in a real action. And even if such were to be the judicial construction, the act of 1796 would itself be sufficient to authorize the use of it in such cases. Our own statute provisions, are but re-enactments of those contained in the statute of 1784, and their construction there should be received.

The provision in the first section of our Statute; c. 59, relating to the service of writs, applies alike to cases where a nominal or a real attachment of property is made. .And the enumeration of actions in the second section, may be regarded as exhibiting examples where the process is by summons, rather than as an enactment requiring that such should be the process. For the design of the statute evidently was not to determine in what cases one form of writ or another should be used, but only to prescribe the mode of service, when a particular form of writ was used. There does not appear to be any practical mischief, requiring a construction which would limit a party to the use of one particular form of writ in real actions.

*Exceptions overruled.*